# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GUTZMAN, | 1:08-cv-01917-OWW-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et. al., | (Doc. 1) |
| Defendants. / | |

**I.   SCREENING ORDER**

Thomas Lee Gutzman ("Plaintiff") filed his complaint, on November 21, 2008.  Plaintiff is proceeding pro se and in forma pauperis.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B.     Summary of Plaintiff's Complaint

At the time of the issues complained of in his complaint, Plaintiff was a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga, California.  He has since been paroled. Plaintiff names as defendants: California Department of Corrections ("CDC"); PVSP Warden Gail Lewis; PVSP Warden James Yates; Chief Medical Officer ("CMO") Jeffrey Neubarth, M.D.; Fausto Salazar, M.D.; and CDC Secretary Matthew Cate.  Plaintiff seeks monetary damages.

Plaintiff generally alleges that he was incarcerated for vehicular manslaughter after being in a severe car accident wherein the other party was killed.  Plaintiff was severely injured in that accident and was still suffering multiple symptoms and medical sequela when incarcerated. Plaintiff was initially sent to High Desert State Prison, and was eventually sent to PVSP where he remained until paroled.  Immediately after being incarcerated, Plaintiff "informed the CDC" that he had ongoing medical issues and requested his prior medical records be obtained to assist in his care and treatment.  No medical records were requested until sometime between August 27, 2002 and November 13, 2002.  Consequently, when Dr. Neubarth examined Plaintiff on April 10,

2002, he did not have Plaintiff's prior records available and mis-diagnosed him as having healed injuries. Based on this mis-diagnosis, Plaintiff claims that Dr. Neubarth denied Plaintiff further treatment, including neurological evaluation. Subsequently, Plaintiff repeatedly requested medical assistance regarding pain in his back, pelvis, and leg. The only treatment authorized was the removal of steel posts in Plaintiff's leg in 2007, chronos for use of a cane and wheelchair, and chronic pain treatments at outside medical clinics. No diagnostic efforts were made that might have revealed his fractured lumbar spine. Upon being paroled, on October 3, 2007, Plaintiff sought medical care, was informed of his fractured lumbar spine, and that he required surgery as a result of the delay and denial of treatment while incarcerated.

Plaintiff states one cognizable claim and may be able to amend to correct deficiencies in his pleading so as to state additional cognizable claims. Thus, he is being given the applicable standards based on his delineated claims for relief and leave to file a first amended complaint.

### C.     Defendant(s) & Pleading Requirements

#### 1. *CDC as a Defendant*

Plaintiff names the CDC as a defendant. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDC is a state agency, it is entitled to Eleventh Amendment immunity from suit. Thus, Plaintiff may not sustain an action against the CDC.

#### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff is advised that the use of phrases such as "the prison Doctors," "other defendants," "Defendants," and "All Defendants," without identifying specific Defendants to be implicated by the phrase, and/or the use of surnames, is insufficient to link any named defendant to offending conduct.

Plaintiff names Warden Lewis, Warden Yates, Dr. Kushner, Dr. Salazar, and Secretary Cate as defendants in this action, but fails to appropriately link any of them to affirmative acts, or omissions so as to demonstrate a violation of Plaintiff's federal rights. Thus, Plaintiff's claims against Warden Lewis, Warden Yates, Dr. Kushner, Dr. Salazar, and Secretary Cate are subject to dismissal at this time.

**D.  Plaintiff's Claims for Relief**

**1.  *Deliberate Indifference to Serious Medical Needs***

Plaintiff's entire action is premised on inadequate medical care at PVSP.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the

defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991) *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff's allegation that he had metal rods in his leg and a fracture in his lumbar spine establishes the existence of a serious medical need.

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." Toussaint v. McCarthy 801 F.2d 1080, 1111 (9th Cir. 1986) *abrogated in part on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995) (citing Estelle, 429 U.S. at 104-05); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) McGuckin 974 F.2d at 1059. Delay of, or interference with, medical treatment can also amount to deliberate indifference. See Jett, 439 F.3d at 1096; Clement, 298 F.3d at 905; Hallett, 296 F.3d at 744;

5

Lopez, 203 F.3d at 1131; Jackson, 90 F.3d at 332; McGuckin 974 F.2d at 1059; Hutchinson v. Untied States 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. See Hallett, 296 F.3d at 745-46; McGuckin 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*). Mere delay of surgery, which did not cause harm, is insufficient to state a claim of deliberate medical indifference, and Plaintiff will "have no claim for deliberate medical indifference unless the denial was harmful." Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976).

      Plaintiff alleges that Dr. Neubarth, without the benefit of Plaintiff's prior medical records, mis-diagnosed him as having healed injuries. Based on this mis-diagnosis, Dr. Neubarth denied Plaintiff further treatment, including a request to see a neurologist. Subsequently, Plaintiff repeatedly requested medical assistance regarding pain in his back, pelvis, and leg. The only treatment authorized was the removal of steel posts in Plaintiff's leg in 2007, chronos for use of a cane and wheelchair, and chronic pain treatments at outside medical clinics. No diagnostic efforts were made that might have revealed his fractured lumbar spine. Upon being paroled, on October 3, 2007, Plaintiff sought medical care, was informed of his fractured lumbar spine and that he required surgery as a result of the delay and denial of treatment while incarcerated. While the mis-diagnosis, without more, would not have stated a cognizable claim, Plaintiff alleges that Dr. Neubarth's mis-diagnosis caused a delay in his care and treatment, and that this delay resulted in Plaintiff needing surgery. To this end, Plaintiff states a cognizable claim against Dr. Neubarth for deliberate indifference to his serious medical needs.

      However, Plaintiff fails to state fact sufficient for the Court to ascertain what, if any delay occurred in the surgery to remove the steel posts from Plaintiff's leg, and whether any such delay caused Plaintiff further harm. Plaintiff also fails to state any facts upon which the Court might ascertain which doctor(s) Plaintiff intends to implicate for any delay in the care and treatment of his leg, or any other medical condition that he might have had. Further, the general allegation that "[a]s a result of the dely of the Prison Doctors in treating [Plaintiff] he was further harmed"

6

lacks specificity to state a cognizable claim against any specific named defendant since "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

### 2. *Supervisory Liability*

Plaintiff names as defendants Warden Lewis, Warden Yates, CMO Dr. Neubarth, and Secretary Cate – who all appear to hold supervisorial positions.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983, based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

While Plaintiff has alleged personal participation by Dr. Neubarth, as discussed herein above, Plaintiff has not alleged any facts indicating that Warden Lewis, Warden Yates, and/or Secretary Cate personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Thus, Plaintiff's claims against

7

Warden Lewis, Warden Yates, and Secretary Cate are subject to dismissal at this time.

### 3. *State Law Claims*

#### a. *California Constitution and Cal. Civ. Code § 52.1*

Plaintiff states that he is pursuing his second cause of action for violations of "Article 1, Section 15 Clause 17 of the Constitution of the State of California and Cal. Civ. Code § 52.1." (Doc. 1, pg. 7.)

However, Section 15 of Article 1 of the Constitution of the State of California does not have any clauses, let alone seventeen. Section 15 provides that "[n]o person shall be imprisoned for debt, in any civil action on mesne or final process, unless in cases of fraud; and no person shall be imprisoned for a militia fine in time of peace." The Court assumes, for argument sake, that Plaintiff intended to state a claim under Section 17 of Article 1 of the Constitution of the State of California. Section 17 provides that "[f]oreigners who are, or may hereafter become bona fide residents of this State, shall enjoy the same rights in respect to the possession, enjoyment, and inheritance of property, as native born citizens." Plaintiff fails to state any factual allegations that might be applicable to a claim under either Section 15 or Section 17, and the Court fails to see any way that either Section 15 or Section 17 could possibly be applicable to Plaintiff's factual allegations. In any event, Plaintiff fails to state a cognizable claim under Section 15 and/or Section 17 of Article 1 of the Constitution of the State of California.

California Civil Code § 52.1 provides for civil actions for protection of rights; damages, injunctive and other equitable relief; and violations of orders – which appears to be co-extensive with Plaintiff's claims under the Constitution of the United States. Where a plaintiff's claims under the federal and state constitutions appear to be co-extensive, the discussion of a plaintiff's federal constitutional claim resolves both the federal and state constitutional claims. Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) citing Payne v. Superior Court, 132 Cal.Rptr. 405, 410 n. 3 (1976). Thus, Plaintiff is referred to the discussion of his federal constitutional claims herein above.

#### b. *Negligence*

Plaintiff has not stated any negligence claims under state law because he has not alleged

compliance with California's Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff *must* allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). This requirement is independent of the requirement set forth in 42 U.S.C. § 1997e(a) mandating exhaustion of the inmate appeals process for federal claims.

In addition, Plaintiff's complaint does not contain allegations sufficient to give rise to a claim for relief for negligence. A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). Plaintiff fails to allege any facts demonstrating that any Defendant, other than Dr. Neubarth, was the cause of damage to him through the breach of a duty owed to him.

Further, to the extent that Plaintiff intends to pursue any of the defendants for professional negligence (i.e. medical malpractice), he must state (and subsequently prove) all of the following: (1) that the defendant was negligent; (2) that the plaintiff was harmed; and (3) that the defendant's negligence was a substantial factor in causing the plaintiff's harm. Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917; Ann M. v. Pacific Plaza Shopping Center (1993) 6 Cal.4th 666, 673; Restatement Second of Torts, section 328A; and Judicial Council Of California Civil Jury Instruction 400, Summer 2008 Supplement Instruction.

1    Medical professionals are negligent if they fail to use the level of skill, knowledge, and
2 care in diagnosis and treatment that other reasonably careful medical professionals would use in
3 the same or similar circumstances. This level of skill, knowledge, and care is sometimes referred
4 to as "the standard of care." Landeros v. Flood 17 Cal.3d 399, 408 (1976); see also Brown v.
5 Colm 11 Cal.3d 639, 642–643 (1974); Mann v. Cracchiolo (1985) 38 Cal.3d 18, 36; and Judicial
6 Council Of California Civil Jury Instruction 500, Summer 2008 Supplement Instruction.
7    Plaintiff alleges acts, and inactions, by Dr. Neubarth, but fails to make any allegations as
8 to the applicable standard(s) of care. Plaintiff also fails to make any allegations against any of
9 the other named defendants as to the applicable standard(s) of care.

### 4. *Supplemental Jurisdiction*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Thus, this Court will not exercise its discretionary supplemental jurisdiction until the case proceeds on cognizable claims for violation of Plaintiff's rights under the Constitution of the United States of America.

## II.    **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

        a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

        b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and

4.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 5, 2009**            **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE